UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                              Case Number 07-20639-BC
v.                                           Honorable Thomas L. Ludington

KENNETH EARL HAYNES,

        Defendant.
_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

On December 20, 2007, Defendant Kenneth Haynes was indicted for six criminal statutory violations.[1] Dkt. # 3. Prior to trial, Defendant filed a motion to suppress evidence, primarily challenging an affidavit submitted in support of a search warrant as inaccurate or incomplete. The motion was denied and on August 22, 2008, a jury found Defendant guilty of three of the criminal charges. On November 12, 2008, Defendant filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. Defendant contends that the Court, in denying the motion to suppress evidence, incorrectly concluded that Defendant was "too late" in requesting an evidentiary hearing. For the reasons discussed below, the Court will **DENY** the motion for a new trial.

I

On December 21, 2007, Defendant Kenneth Haynes had counsel appointed for him by the Court. Dkt. # 4. On January 10, 2008, the Court issued a scheduling order that directed parties to

---

[1] Count 1 alleged that Defendant possessed with the intent to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Count 2 alleged that Defendant possessed with the intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Count 3 alleged that Defendant possessed with the intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). Count 4 alleged that Defendant maintained a residence for the purpose of manufacturing and distributing controlled substances in violation of 21 U.S.C. § 856(a)(1) and (b). Count 5 alleged that Defendant possessed a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Count 6 sought the forfeiture of the firearm pursuant to 18 U.S.C. § 924(d).

file motions by February 15, 2008, set the final pretrial conference for March 4, 2008, and set the trial to commence on April 8, 2008. Dkt. # 12. On March 4, 2008, the Court accepted the parties' stipulation to adjourn the dates in the scheduling order by sixty days, including a provision providing that the parties may file motions on or before April 15, 2008. Dkt. # 13. Neither party filed a motion. On May 13 and May 19, 2008, the Court again adjourned the final pretrial conference and trial date. Dkt. # 14.

On May 29, 2008, Defendant retained new counsel and filed a motion to adjourn the trial. Dkt. # 15. Defendant's motion to adjourn the trial requested additional time "to prepare and file additional motions which Defendant feels . . . are needed to protect his interest." Dkt. # 16 at 2. On June 9, 2008, the Court granted the motion, permitting Defendant to file "any additional pre-trial motions on or before July 9, 2008." Dkt. # 19 (emphasis omitted).

On June 10, 2008, Defendant filed a motion to suppress evidence that, among other arguments, challenged the accuracy and completeness of the affidavit furnished to a state court judge in order to procure the warrant relied upon by police to search Defendant's home. Dkt. # 18. The affidavit recited statements to the affiant, Detective George Bingham of the Michigan State Police (the "Affiant"), by an informant, Jamarr Dwayne York ("York"), implicating Defendant's involvement in drug trafficking. The affidavit further provided that York told the Affiant that he personally observed narcotics and a firearm in Defendant's home and that York purchased an "8 ball" from Defendant. Dkt. # 18-4 at ¶ 3(D). The affidavit recited that Defendant's current driver's license identified the residence as his home and that evidence identifying the home as Defendant's residence was located in a "trash pull" before the warrant was sought. *Id.* at ¶ 3(B-C).

Defendant alleged in his motion to suppress that when the Affiant testified before the grand

jury he stated that York was not credible. He further alleged that the Affiant failed to include this opinion in his affidavit. Dkt. # 18 at 2. The Affiant provided the following grand jury testimony:

> [York] initially, he wanted help himself out. At that time [York] told me his supplier, [York] bought crack from [Defendant].
>
> * * *
>
> I had never heard of [Defendant] prior to this conversation with [York]. The only problem with [York] was I had previously, a couple of years ago, arrested him on resisting and obstructing police, ran from a traffic stop incident. Where I didn't think I could trust him to go help us further. He wanted guarantees and promises as to us dropping charges and that wasn't going to happen.

*Id.* The affidavit did not mention any prior police contact with York or that the Affiant did not trust him. *Id.*

On July 7, 2008, the Court held a hearing where the parties presented oral argument with respect to the motion to suppress. at 8:15-17. At the hearing, Defendant argued, as it is relevant to his motion for a new trial, that the grand jury testimony of the Affiant established that the Affiant did not "trust" York. July 7, 2008 Hrg. Tr. at 9:8-13. Based on a review of the grand jury testimony and the standard set forth in *Franks v. Delaware*, 438 U.S. 154 (1978), the Court concluded that an evidentiary hearing was not warranted and denied the motion. *Hrg. Tr.* at 14:2-3; dkt. # 24.

In *Franks*, the Supreme Court held that a defendant may seek a hearing to challenge the authenticity of an affidavit that supports a warrant. The Court held as follows:

> [A] presumption of validity [exists] with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or

> innocent mistake are insufficient. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments to his hearing. Whether he will prevail at that hearing is, of course, another issue.

438 U.S. at 171-172.

Thus, a defendant must first substantiate his entitlement to a hearing by making a "substantial preliminary showing" of the alleged falsity of a warrant affidavit. *United States v. Rodriguez-Suazo*, 346 F.3d 367, 648 (6th Cir. 2003) (citing *Franks*, 438 U.S. at 155). That is, the defendant bears the burden of at least identifying such falsehoods, and only if the falsehoods are identified is he permitted a hearing on the point. *United States v. Abboud*, 438 F.3d 554, 574 (6th Cir. 2006) (citing *Franks*, 438 U.S. at 171).

Additionally, the discrepancies that might occasion inquiry include not only affirmative statements but also the omission of information. *Hale v. Kart*, 396 F.3d 721, 726 n.6 (6th Cir. 2005) (citation omitted). While an omission of information that, if known to the magistrate would have dispelled the existence of probable cause, can be the basis for a *Franks* hearing, affirmative falsehoods are a greater cause for concern, lest officers be exposed to endless conjecture about where an investigation might have lead. *United States v. Keszthelyi*, 308 F.3d 557, 566 (6th Cir. 2002).

At the conclusion of the hearing, the Court denied the motion to suppress for a number of reasons, but specifically with respect to the challenge to the Affiant's disbelief of York for the following reason:

> Respectfully, I read the grand jury testimony that is the predicate to the defense challenge to not reasonably support the contention that the affiant did not believe

> York. I reasonably believe that the language is susceptible to but a single interpretation, which is that in the instance in which the affiant was dealing with Mr. York, there was no basis for working further with the gentleman in that instance because the demands that were being made for the request for leniency.
>
> No generalized suggestion of a disbelief of the affiant, indeed the fact that the trash pull followed the conversation, and indeed, the reliance on it would suggest exactly the contrary, that the affiant was indeed following up on York's accusations.

July 7, 2008 Hrg. Tr. at 13:3-17. Defendant never asserted in his motion to suppress that the Affiant fabricated York's statements. Rather, the challenge advanced by Defendant was that the Affiant's grand jury testimony indicated that he did not "trust" York based on the Affiant's previous contact with him.

On August 19, 2008, the matter proceeded to trial. During the course of trial, York disputed that he informed police about his observations of narcotics and firearms or that he purchased narcotics. The Affiant also testified, stating that York did implicate Defendant and that the statements in the warrant were true and accurate. On August 22, 2008, a jury found Defendant guilty of Counts 1, 2, and 4 of the indictment. Dkt. # 28.

On October 28, 2008, Defendant filed a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. Defendant's motion contends that the Court denied the motion to suppress on the basis "that [the motion] was 'too late' and . . . refused to allow a[n evidentiary] hearing" for that reason. Dkt. # 32 at ¶ 4. The motion emphasizes that York's testimony at trial, that he did not identify Defendant or his criminal behavior to the Affiant, was not included in the affidavit. Accordingly, Defendant contends that this proposition demonstrates that the Court incorrectly "prevented [the validity of the search warrant] from being tested" by not allowing it to "be heard, when in fact a [sic] substantial and compelling evidence would have been demonstrated . . . ." *Id.* at ¶ 13.

II

Federal Rule of Criminal Procedure 33(a) permits a district court to vacate a criminal judgment and "grant a new trial if the interest of justice so requires." A defendant may file a motion for a new trial within three years of a verdict on the "ground[s] of newly discovered evidence." Fed. R. Crim. P. 33(b)(1). Otherwise, a defendant must bring the motion within seven days of the verdict. Fed. R. Crim. P. 33(b)(2). The timing requirements of Rule 33 are "rigid" as Federal Rule of Criminal Procedure 45(b) restricts a district court from extending time to seek relief under Rule 33. *Eberhart v. United States*, 546 U.S. 12, 13, 15 (2005). For a district court to grant a new trial under Rule 33(b)(1), a defendant must meet the following four requirements that the evidence: "1) was discovered only after trial; 2) could not have been discovered with due diligence; 3) is material and not just cumulative or impeaching; and 4) would likely produce an acquittal if the case were retried." *United States v. Anderson*, 84 F.App'x 575, 576 (6th Cir. 2003) (unreported) (citing *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982)). "[E]vidence that was within the defendant's knowledge at the time of trial" is not considered newly discovered evidence, as contemplated in Rule 33. *Id.* (citing *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir. 1992)).

III

The "rigid" requirements of Rule 33 require that Defendant's motion for a new trial be denied. It is undisputed that Defendant did not move for a new trial within seven days of trial, filing the motion more than two months after the jury returned a verdict. Thus, Defendant must advance "newly discovered evidence" for the Court to grant a new trial.

Defendant has also not proffered "newly discovered evidence" in the context of Rule 33(b)(1). York's testimony was presented during trial. This is not newly discovered evidence

within the meaning of Rule 33.

It is worth noting, however, had Defendant's motion to suppress evidence asserted that the Affiant fabricated York's statements to law enforcement about Defendant, that an evidentiary hearing would likely have been warranted. Notwithstanding that fact, the Court would have reached the same ultimate conclusion and denied the motion to suppress evidence. At trial, the Court observed the testimony of the Affiant and York. York's testimony was not credible. On the contrary, it was apparent that he was deflecting responsibility for any statements that implicated Defendant's criminal conduct. The motion to suppress would have been denied on these grounds.

IV

Accordingly, it is **ORDERED** that Defendant's motion to for a new trial [Dkt. # 32] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS