# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

KENNETH EARL HAYNES,

     *Petitioner*,

*v.*

UNITED STATES OF AMERICA,

     *Respondent*.

_____/

CRIMINAL CASE NO. 07-CR-20639
CIVIL CASE NO. 12-CV-13041

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. 69)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.   REPORT

### A.   Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Kenneth Earl Haynes ("Haynes"). (Doc. 69.) The government

responded (Doc. 73) and Haynes replied. (Doc. 76.)[1] Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

## B.    Background

Haynes was charged in a six-count indictment with: possession with intent to distribute 50 grams or more of a mixture containing cocaine base, commonly known as crack cocaine, on January 17, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 1); possession with intent to distribute less than 500 grams of a mixture containing cocaine on January 17, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2); possession with intent to distribute less than 50 kilograms of a substance containing marijuana on January 17, 2007, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count 3); maintenance of residence for the purpose of

---

[1]At the same time he filed his reply, Haynes also filed a motion to amend his 2255 motion "to incorporate as an additional claim of ineffective assistance of appellate counsel that the attorney failed timely to file for a sentence reduction" pursuant to the Fair Sentencing Act. (Doc. 77 at 1.)  When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

In the instant case, there has been delay in the filing of the request to amend since this request came in a reply to Haynes's motion to vacate sentence.  In addition, it appears that amendment would be futile since the Sixth Circuit has held that the Fair Sentencing Act does not apply retroactively. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).   I therefore suggest that the motion to amend be denied as well.

unlawfully manufacturing and distributing quantities of controlled substances from a date until January 17, 2007, in violation of 21 U.S.C. § 856(a)(1) and (b) (Count 4); possession of a firearm in furtherance of a drug trafficking crime on January 17, 2007, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). A jury trial was held from August 19, 2008, through August 22, 2008. The jury returned a verdict of guilty on Counts 1, 2 and 4, and not guilty on Counts 3 and 5.

On February 5, 2009, after considering the 18 U.S.C. § 3553 factors, the Court sentenced Haynes to 121 months' imprisonment. (Doc. 37 at 3.)

Haynes appealed, arguing that: (1) the district court erred in denying a motion to suppress when the underlying affidavit supporting the warrant to search his home lacked probable cause; (2) the evidence was insufficient to support a guilty verdict; (3) the sentence issued by the district court was unreasonable in light of the two-point enhancement for acquitted conduct and the district court's failure to expressly consider the crack and powder cocaine disparity and the 18 U.S.C. § 3553 factors. In his *pro se* supplemental brief, Haynes contended that: (1) the search warrant was obtained with false information; (2) the indictment should be dismissed based on false information presented to the grand jury; (3) all evidence introduced in the government's case consequently constitutes fruit of the poisonous tree; and (4) the trial counsel rendered ineffective assistance of counsel by failing to establish that perjured and false testimony was presented in the affidavit upon which the search warrant was based and before the grand jury. (Doc. 59 at 1-2.) The Sixth Circuit considered all the issues presented by counsel and by Haynes and upheld his conviction and sentence. (Doc. 59.) Haynes filed a petition for en banc rehearing on February 16, 2011, and an order denying en banc review was entered by the Sixth Circuit on April 5, 2011.[2]

---

[2]This information is not provided on the Eastern District of Michigan docket, but may be viewed on the Sixth Circuit's docket under case number 09-1200.

Haynes filed the instant motion to vacate his sentence on July 9, 2012. (Doc. 69.)[3] In the motion, Haynes contends that: (1) trial counsel was ineffective because counsel did not challenge the sufficiency of the affidavit in support of the search warrant and counsel missed the deadline for filing a motion for new trial (Doc. 69 at 3-4); (2) appellate counsel's performance was deficient in challenging the decision of the trial court with respect to the sufficiency of the affidavit filed in support of the search warrant, in failing to argue ineffective assistance of trial counsel and in failing to brief or address abuse of judicial discretion (Doc. 69 at 4-5); and (3) the affidavit in support of the search warrant was facially defective. (Doc. 69 at 5-7.)

### C.    Analysis and Conclusions

### 1.    Standards

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first

---

[3]The motion is dated July 3, 2012.

4

instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court

clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that
> counsel's errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome
> determination, without attention to whether the result of the proceeding was
> fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under

§ 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v.*

*United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### 2.    Discussion

I suggest that the grounds asserted in the motion to vacate are replicas of the arguments

made on appeal to the Sixth Circuit. Since the Sixth Circuit addressed all of these issues, I suggest

that these claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an

issue that was raised and considered on direct appeal absent highly exceptional circumstances, such

as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

Haynes has alleged no such exceptional circumstances justifying further review, and the record

reveals none.

Although Haynes has raised some of the issues under the rubric of ineffective assistance of

counsel, I suggest that where the appellate court has found the underlying arguments to be without

merit, any claims that his trial attorney was ineffective for failing to raise these same errors are also

procedurally barred. *See United States v. Ramirez*, 327 F. App'x 751, 752 (9th Cir. 2009) ("Because

we held on direct appeal that any error . . . was harmless, Ramirez is barred from contending here

that his attorney rendered ineffective assistance."). Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[4]

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Since the Sixth Circuit has held that the alleged errors were without merit, any failure on the part of counsel for not raising them could not have prejudiced Haynes as required under *Strickland*. *See Lockhart*, 506 U.S. at 369. Accordingly, I suggest that Haynes's section 2255 motion should be denied.

Although Haynes contends that appellate counsel was "deficient" in making the challenges presented to the Court of Appeals; nonetheless, the challenges were made. Therefore, counsel was not ineffective. Finally, as to Haynes's argument that the affidavit in support of the search warrant was facially defective, not only was this issue raised and addressed by the Sixth Circuit and, thus, is procedurally barred, it is not cognizable under § 2255. *See Boone v. United States*, 100 F.3d 956 (6th Cir. 1996); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009); *United States v. Chapman*, No. 06-cv-11127, 2006 WL 2160967, at *1 (E.D. Mich. July 31, 2006); *Hunt v. United States*, No. 2:09-cv-419, 2010 WL 3703205, at *5 (S.D. Ohio Sept. 17, 2010); *United States v. DeCarlo*, No. 06-2398-B/V, 03-20093-B, 2007 WL 1345320 (W.D. Tenn. May 7, 2007).

---

[4]*See also Hestle v. United States*, 426 F. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

### 3.     Conclusion

I therefore suggest that Haynes has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### E.     Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Haynes cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Haynes is not entitled to a hearing on the allegations raised in his motion.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

s/ Charles E Binder
CHARLES E. BINDER
Dated: December 17, 2012                    United States Magistrate Judge

9

**<u>CERTIFICATION</u>**

 I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Kenneth Earl Haynes #41874-039, FCI Lewisburg, P.O. Box 2000, Lewisburg, PA 19837.

Date:  December 17, 2012     By  s/Patricia T. Morris     
                Law Clerk to Magistrate Judge Binder

10