UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH EARL HAYNES,

               Petitioner,                             Case No. 07-20639
                                                    Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

               Respondent.

_____/

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS, DENYING
MOTION TO VACATE SENTENCE, AND DENYING MOTIONS TO
SUPPLEMENT AND AMEND THE MOTION TO VACATE**

Kenneth Haynes was charged by indictment, and then found guilty by a jury, of possessing with the intent to distribute cocaine base (crack cocaine), possessing with the intent to distribute a mixture containing cocaine, and maintaining a residence for the purpose of unlawfully manufacturing and distributing controlled substances. On February 5, 2009, Haynes was sentenced to 121 months' imprisonment on the three convictions. Haynes's convictions and his sentence were upheld on direct appeal. *See* Order, *United States v. Haynes*, No. 09-1200 (6th Cir. Dec. 7, 2010), ECF No. 59.

Haynes subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He raises three grounds for relief: (1) the affidavit that supported the application for a search warrant—which led to a search of Haynes's residence and his eventual arrest—was facially defective; (2) trial counsel was ineffective because he did not challenge the sufficiency of that affidavit and then missed the deadline for filing a motion for a new trial; and (3) appellate counsel's performance was deficient because counsel "merely parroted the defective argument of

trial counsel" concerning the search warrant, and also because counsel "did not brief or argue the [other] deficiencies of trial counsel[.]"  Pet'r's Petition 3–5, ECF No. 69.

The government responded to Haynes's motion to vacate his sentence, and Haynes then filed a reply to that response.  The same day he filed his reply, Haynes also filed a motion to amend.  *See* Pet'r's Mot. Amend, ECF No. 77.  In that motion, Haynes requests leave "to incorporate as an additional claim of ineffective assistance of appellate counsel that the attorney failed to timely file for a sentence reduction."  *Id*. at 1.

Four days later, on December 17, 2012, United States Magistrate Judge Charles E. Binder filed a report recommending that Haynes's motion to vacate be denied because the arguments he raises "are replicas of the arguments made on appeal" and thus "are procedurally barred." Report & Rec. 6, ECF No. 78.  Judge Binder also recommended that Haynes's motion to amend be denied because it is untimely and futile.  *Id*. at 2, n.1.

Haynes filed objections to Judge Binder's report, arguing that Judge Binder's conclusions were based on a faulty premise.  Pet'r's Obj. 1, ECF No. 82.  Basically Haynes contends that on direct appeal before the Sixth Circuit, he did not present the arguments he is raising now, and that "[t]he faults of the affidavit raised . . . have never been before the Appeals Court or . . . the District Court" because of "the ineffective assistance of both trial counsel and appellate counsel." *Id*. at 1–2.

Haynes filed two additional motions on August 15, 2013.[1]  The first is a motion for leave to supplement his motion to vacate his sentence.  He argues that the Supreme Court ruling in

---

[1] In addition to those motions, on May 30, 2013, Haynes also filed a supplement to his objections to Judge Binder's report, *see* ECF No. 83, and a letter, *see* ECF No. 84, on the docket.  In the two identical documents, Haynes argues that the recent decision in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), supports his position.  Even if Haynes is correct, however, that decision was overruled after rehearing en banc.  *See United States v. Blewett*, No. 12-5226, 2013 WL 6231727 (6th Cir. Dec. 3, 2013).  Thus, Haynes's arguments on this point are without foundation, and his supplemental objections will be overruled.

*Alleyne v. United States*, 133 S. Ct. 2151 (2013), entitles him to additional relief, and that he should therefore be entitled to amend his motion to include a request for that relief. *See* Pet'r's Mot. Leave, ECF No. 85. In the related motion to supplement, Haynes argues that he was charged but acquitted of possessing a handgun at trial, and that under *Alleyne*, it was improper to consider the handgun to enhance his exposure at sentencing. *See* Pet'r's Mot. Supp. 3, ECF No. 86. Haynes concludes that "[t]he new rule announced in *Alleyne* renders the [firearm] enhancement invalid because it aggravates the minimum penalty for the drug charges that was not found by the jury." *Id*.

## II

To warrant relief under § 2255, Haynes must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on . . . the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Relief is warranted "only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Griffin*, 330 F.3d at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Haynes's claims of ineffective assistance of counsel "are appropriately brought" in his § 2255 motion to vacate. *Griffin*, 330 F.3d at 736 (citing *United States v. Galloway*, 316 F.3d 624, 634 (6th Cir. 2003)).

## III

In his motion to vacate his sentence, Haynes raises three issues: (1) the sufficiency of the affidavit supporting the application for a search warrant; (2) trial counsel's effectiveness; and (3) appellate counsel's effectiveness. *See* Pet'r's Mot. 3–5. Each is addressed below.

**A**

Haynes presents numerous alleged deficiencies related to the affidavit of Detective George Bingham, which was used to establish probable cause adequate to justify the issuance of a search warrant to search Haynes's residence.  Haynes argues that Detective Bingham's affidavit "provides no factual basis" to support his factual conclusions.  Pet'r's Mot. 5.  He also argues that Detective Bingham "either intentionally or recklessly omit[ted] the fact that . . . the only [trash bag] containing drug residue, was in the street on the curb, with no nexus to the residence at all."  *Id*.  Finally, because "there was no proffer as to how long the bags of trash had been in front of the residence[,]" Haynes concludes that the affidavit "provide[d] no factual basis for the conclusion that evidence of a crime would be found in [his] residence . . . ."  *Id*.

Of course, Haynes attacked the sufficiency of the affidavit underlying the search warrant on direct appeal, and the Sixth Circuit expressly held that "Detective Bingham's affidavit provided sufficient probable cause for the search warrant."  Order 3, *United States v. Haynes*, No. 09-1200 (6th Cir. Dec. 7, 2010).  Apparently Haynes believes summoning a list of new deficiencies related to the affidavit will allow this Court to review his claim yet again.  He is incorrect.

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that a petitioner may not raise a Fourth Amendment claim on collateral review where previously "provided an opportunity for full and fair litigation" of the claim.  *Id*. at 481–82.  And, although *Stone* involved a case brought by a state prisoner seeking habeas relief under 28 U.S.C. § 2254, its rationale has been applied to claims brought by federal prisoners under § 2255.  *See Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009); *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993); *United States v.*

*Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980). Although there is no controlling decision from the Court of Appeals for the Sixth Circuit, at least one court within this district has applied *Stone* in the context of a § 2255 petition. *See United States v. Chapman*, 2006 WL 2160967, at *1 (E.D. Mich. July 31, 2006) ("Fourth Amendment claims cannot be subjected to collateral review where a defendant had a 'full and fair' opportunity to litigate the claim on direct appeal."). So despite the fact that Haynes raises his Fourth Amendment claim in a motion under § 2255, rather than a § 2254 petition, it is not cognizable if he previously received a "full and fair" opportunity to litigate the claim on direct appeal.

Haynes received such an opportunity and he took advantage of it; he *did* raise a Fourth Amendment challenge to the sufficiency of the search warrant on direct appeal. The Sixth Circuit simply rejected the argument on its merits. *See* Order 3, *United States v. Haynes*, No. 09-1200 (6th Cir. Dec. 7, 2010). Haynes cannot use the Fourth Amendment to raise a new challenge, under separate grounds, to Detective Bingham's affidavit and the resulting search warrant. His objections on this point will be overruled, and Judge Binder's report will be adopted.

**B**

Next, Haynes argues that his trial counsel was ineffective "in challenging the sufficiency of the affidavit filed in support of the search warrant" and "in missing the deadline for filing [a] motion for a new trial." Pet'r's Mot. 3. Haynes's arguments fail on both points.[2]

To succeed on an ineffective-assistance-of-counsel claim, Haynes must demonstrate that his trial counsel's performance "was deficient and that the deficient performance prejudiced the defense." *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citing *Strickland v.*

---

[2] Although Haynes did not raise these claims on direct appeal, he asserts that appellate counsel was ineffective for failing to challenge trial counsel's performance, and an "ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim . . . ." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000).

*Washington*, 466 U.S. 668, 687 (1984)).  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Huff*, 734 F.3d at 606 (quoting *Strickland*, 466 U.S. at 687).  Of course, as always, "[j]udicial scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, and the Court must "strongly presume" that counsel's advocacy fell "within the wide range of reasonable professional assistance[,]" *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987) (citation omitted).

Haynes can only complain of *how* trial counsel attacked the sufficiency of the affidavit underlying the search warrant in his case, because trial counsel certainly did so.  *See* Def.'s Mot. Suppress, ECF No. 18.  Counsel, on Haynes's behalf, argued that the affidavit underlying the search warrant was defective "upon its face" because it did not set forth "where the trash was located or positioned in relationship to [Haynes's] residence," and because the affiant supposedly omitted some information he was privy to.  *Id*. at 7–8.  After oral argument, the Court rejected these arguments and denied Haynes's motion to suppress evidence.  *See* July 10, 2008 Order, ECF No. 24.

And because trial counsel contested the point, Haynes has no argument that counsel failed to recognize the issue; he may only suggest that counsel advanced the wrong arguments. In his objections, Haynes presents at least five arguments he says trial counsel should have raised instead.  However, it is well established that "the Constitution guarantees criminal defendants only a fair trial and a competent attorney.  It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."  *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Indeed, counsel's performance "is to make the adversarial testing process work in the particular case[,]" *Blackburn*, 828 F.2d at 1180, and that goal was sufficiently carried by Haynes's trial

counsel in this regard: he challenged the sufficiency of Detective Bingham's affidavit and the resulting search warrant. He made the government, and the Court, address whether the search warrant was based upon sufficient probable cause. The Court concluded that it was. *See* July 10, 2008 Order 1. On appeal, the Sixth Circuit agreed. *See* Order 3, *United States v. Haynes*, No. 09-1200 (6th Cir. Dec. 7, 2010). Haynes has not demonstrated that his counsel's performance fell outside of the "wide range of reasonable professional assistance" established by *Strickland*, and thus this claim is without merit.

As to Haynes's ineffective-assistance-of-counsel claim concerning trial counsel's delay in filing a motion for a new trial, Haynes cannot show he was prejudiced by any delay, and this claim is also without merit. To begin, Federal Rule of Criminal Procedure 33 allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). If the motion is based upon newly discovered evidence, it must be filed "within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). A motion for a new trial "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

Therefore, if based on anything but newly discovered evidence, Haynes's motion for a new trial was untimely—the jury returned its verdict against Haynes on August 22, 2008, but trial counsel did not file the motion for a new trial until October 28, 2008. However, even if the motion was timely, it would have been denied, and Haynes is thus unable to show any prejudice from trial counsel's late filing.

Indeed, Haynes's motion for a new trial asserts that "the Search Warrant Affidavit was in fact defective[,]" and therefore the search of his residence was "an unconstitutional search." Def.'s Mot. New Trial 3, ECF No. 32. But the Sixth Circuit, on direct appeal, concluded just the

opposite: "Detective Bingham's affidavit provided sufficient probable cause for the search warrant." Order 3, *United States v. Haynes*, No. 09-1200 (6th Cir. Dec. 7, 2010). Because Haynes's motion would have been properly denied, even if he had filed it in a timely manner, he cannot show the requisite prejudice to entitle habeas relief. *See Strickland*, 466 U.S. at 694 ("defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). His ineffective-assistance-of-counsel claim, as it relates to trial counsel, is without merit. His objections will be overruled, and Judge Binder's report will be adopted.

### C

Finally, Haynes argues that appellate counsel's performance was deficient because "he did not brief or argue the deficiencies of trial counsel," and because counsel "merely parroted the defective argument of trial counsel" with respect to the search warrant and its supporting affidavit. Pet'r's Objections 4. Both of these arguments fail.

First, the fact that appellate counsel did not raise claims concerning the effectiveness of trial counsel does not entitle Haynes to habeas relief. As Haynes himself points out, an ineffective-assistance-of-counsel claim "is ordinarily deferred until post-conviction proceedings under 28 U.S.C. § 2255 . . . ." *United States v. Brazil*, 395 F. App'x 205, 220 (6th Cir. 2010) (citation omitted); *see also United States v. Warman*, 578 F.3d 320, 348 (6th Cir. 2009) ("As a general rule, a defendant may not raise ineffective-assistance-of-counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations."). So there was no error in appellate counsel's failure to raise ineffective-assistance-of-counsel claims concerning trial counsel's performance. Moreover, those claims have been addressed at this stage and have been found wanting.

Second, appellate counsel cannot have been ineffective for his chosen method of contesting the search warrant and the underlying affidavit on direct appeal. Noted previously, counsel did argue that the affidavit underlying the search warrant was deficient. The Sixth Circuit simply disagreed, however, and held that "Detective Bingham's affidavit provided sufficient probable cause for the search warrant." Order 3, *United States v. Haynes*, No. 09-1200 (6th Cir. Dec. 7, 2010). As with trial counsel, appellate counsel's performance is deficient only if "counsel's representation fell below an objective standard of reasonableness." *Huff*, 734 F.3d at 606. But the Constitution "does not insure that defense counsel will recognize and raise every conceivable constitutional claim[,]" *Engle*, 456 U.S. at 134, and under the highly-deferential *Strickland* standard, counsel's performance was "within the wide range of reasonable professional assistance." *Blackburn*, 828 F.2d at 1180.

It follows that Haynes's claim of ineffective assistance of counsel, as it relates to appellate counsel, is also unfounded. His objections on this point will be overruled, and Judge Binder's analysis will be adopted.

## D

With the final portion of his objections, Haynes takes issue with Judge Binder's recommendation that his motion to amend be denied. Haynes is mistaken on this point as well.

Haynes's motion to amend specifically requests a "[r]eduction of sentence due to the passing of the Fair Sentencing Act and the Retroactive Application of said act." Pet'r's Mot. Amend 1. Judge Binder recommended that the motion be denied as futile, noting that Haynes was sentenced in 2009, the Fair Sentencing Act (FSA) became effective on August 3, 2010, and "the Fair Sentencing Act does not apply retroactively." Report & Rec. 2, n.1. In support of the conclusion that the FSA does not apply to Haynes's sentence, Judge Binder relied upon *United*

*States v. Carradine*, 621 F.3d 575 (6th Cir. 2010) ("the [FSA] contains no express statement that it is retroactive . . . .  Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question.").

Haynes contests this analysis.  He argues that "[t]he *Carradine* holding is no longer good law" because the United States Supreme Court "overruled" *Carradine*'s interpretation of whether the FSA applies retroactively.  Pet'r's Obj. 6.  While Haynes is correct that *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), overruled a portion of *Carradine*, his argument remains off the mark.

The defendant in *Carradine* committed a crime before the FSA was enacted, but he was sentenced after it went into effect.  On appeal, the Sixth Circuit declined to apply the FSA to the defendant's pre-enactment conduct even though he was sentenced post-enactment.  Then, in *Dorsey*, the Supreme Court rejected this application, concluding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."  132 S. Ct. at 2335.

But Haynes is not such an offender.  Both his conduct and—importantly—the imposition of a sentence occurred before the FSA went into effect in August 2010.  So *Carradine*'s holding remains to bar the retroactive application of the FSA to Haynes's pre-enactment sentence.  *See United States v. Melvin*, --- F. App'x ---, 2013 WL 5912058, at *1 (6th Cir. Nov. 5, 2013) ("the Supreme Court held that the new drug quantity thresholds established in the FSA must be applied to offenders who committed the relevant crimes before the effective date of the FSA but who are sentenced *after* that date." (emphasis added)).

It follows that the FSA does not apply retroactively to Haynes's pre-enactment sentence, and thus his appellate counsel cannot have been ineffective for failing to argue that the FSA

should apply. *See Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) ("Counsel could not be unconstitutionally ineffective for failing to raise these meritless arguments."). So an amendment to add such an ineffective-assistance-of-counsel claim would be futile. Haynes's objections will be overruled and Judge Binder's report will be adopted. The motion to amend will be denied.

**IV**

Moving to the two motions that remain to be addressed: Haynes's motion for leave to supplement his motion to vacate and the related motion to supplement. Haynes argues that he "received a court imposed enhancement for a firearm," and that "[t]he imposition of the enhancement for the firearm despite the acquittal on that charge by the jury violated Haynes' Fifth Amendment right to due process and his Sixth Amendment right to jury trial." Pet'r's Mot. Supp. 2. Because he wishes to officially present this argument, Haynes filed the motion for leave to supplement his § 2255 motion.

But Haynes is procedurally barred from raising this issue on collateral attack. Indeed, the Sixth Circuit expressly addressed, and then dismissed, the claim on direct appeal. *See* Order 5, *United States v. Haynes*, No. 09-1200 (6th Cir. Dec. 7, 2010) ("The district court's factual findings that the dangerous weapon was possessed and that it was not clearly improbable that the weapon was connected with the offense were not clearly erroneous in light of the evidence showing that a loaded handgun was found in Haynes's dresser where crack and powder cocaine were also located.").

And even if Haynes could raise the claim, it is without merit for the same reasons announced in the Sixth Circuit's opinion. That court has previously held that a "district court's consideration of acquitted conduct in sentencing passes constitutional muster." *United States v. White*, 551 F.3d 381, 386 (6th Cir. 2008). With respect to the two-level increase Haynes

- 11 -

received for possession of a dangerous weapon, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.11.

As explained in *United States v. Catalan*, 499 F.3d 604 (6th Cir. 2007), § 2D1.1(b)(1) "provides that, when calculating the base offense level for drug offenses, if a dangerous weapon (including a firearm) was possessed, increase by 2 levels." *Id*. at 606 (internal quotation marks and brackets omitted). Once the government "establishes by a preponderance of the evidence" that the defendant possessed the weapon during the commission of the offense, "the burden shifts to the defendant to show that it was 'clearly improbable' that the weapon was connected to the offense. If he fails to meet this burden, the district court should apply the enhancement." *Id*. at 606–07 (citations omitted).

At sentencing, the Court expressed its satisfaction that the government had shown by a preponderance of the evidence—which Haynes did not adequately refute—that he possessed a dangerous weapon, "and that it is not clearly improbable that the weapon was . . . connected with the offense." Sentencing Tr. 8–9, ECF No. 57. The Court's actions comport with the law as it stands in the Sixth Circuit, were affirmed on appeal, and bringing any related arguments at this stage would be futile. Thus, Haynes's motion for leave to supplement, and his motion to supplement, will both be denied.

**V**

Before Haynes may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial

showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336–37.

Haynes has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court will also deny Haynes permission to proceed on appeal *in forma pauperis*. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

## VI

Accordingly, it is **ORDERED** that Haynes's motion for leave to supplement his motion to vacate, ECF No. 85, is **DENIED**.

It is further **ORDERED** that Haynes's motion to supplement his motion to vacate, ECF No. 86, is **DENIED**.

It is further **ORDERED** that Haynes's objections to Judge Binder's report and recommendation, ECF No. 82, are **OVERRULED**.

It is further **ORDERED** that Haynes's supplement to his objections, ECF No. 83, is **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendations, ECF No. 78, are **ADOPTED**.

It is further **ORDERED** that Haynes's motion to amend, ECF No. 77, is **DENIED**.

It is further **ORDERED** that Haynes's motion to vacate his sentence, ECF No. 69, is

**DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and the Court

**DECLINES** to grant Haynes *in forma pauperis* status on appeal.

Dated: January 10, 2014                                      s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing
order was served upon each attorney or party of record
herein by electronic means or first class U.S. mail, and
upon Kenneth Haynes #41874-039, Federal Prison Camp,
P.O. Box 2000, Lewisburg, PA 17837 by first class U.S.
mail on January 10, 2014.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS