UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 07-cr-20639

v.                                      Honorable Thomas L. Ludington

KENNETH EARL HAYNES,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RETURN OF PROPERTY**

On August 20, 2015, Defendant Kenneth Earl Haynes filed a motion for return of property. ECF Nos. 94. Haynes seeks the return of $4,300 in United States currency and three firearms that were confiscated pursuant to a search warrant executed during the investigation of crimes Haynes has been convicted of committing. Haynes went to trial on a six-count indictment on August 19, 2008. At the end of the trial the jury found Haynes guilty of Counts 1(possession with intent to distribute cocaine base), 2 (same), and 4 (maintaining a residence for the manufacture and distribution of controlled substances). Haynes was acquitted of Counts 3 (possession with intent to distribute marijuana) and 5 (using a firearm in furtherance of acts alleged in Count 3) which mooted Count 6 (forfeiture allegation). He asserts that his acquittal on Counts 3 & 5 and the mooting of Count 6 means that his confiscated property bears no relation to his criminal activity. He further argues that no order of forfeiture was entered but his property has not been returned by the Government. His motion asks that the Government be directed to return the items that were seized.

The Government responded to Haynes's motion. It argued that the statute of limitations for Haynes to move for the return of his property has passed. In the alternative, it also argued that the Court does not have jurisdiction over Haynes's claims because there is no evidence that the Government is in possession of the property.

## I.

When the underlying criminal matter is closed, a motion under Federal Rule of Criminal Procedure 41(g) is a civil equitable action against the United States. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000). A six-year statute of limitations governs forfeiture actions instituted under Rule 41(g) that are initiated after criminal proceedings close. *See* 28 U.S.C. § 2401(a) (encoding the general six-year statute of limitations for civil actions against the United States). *See also Bertin v. United States*, 478 F.3d 489, 492-93 (2d Cir. 2007) (applying the 28 U.S.C. §2401(a) statute of limitations to Rule 41(g) motions). The statute of limitations begins to run once a defendant discovers that he is entitled the return of his property. *Id*.

Here, Haynes was on notice that he could move for return of his property after judgment was entered reflecting the disposition of his criminal trial where he was acquitted of Counts 3 and 5 which rendered Count 6, the forfeiture count, moot. *See* February 9, 2009 J., ECF No. 37. If Haynes had any doubts about whether it would be appropriate to file a Rule 41(g) motion after judgment was entered, his doubts would have been resolved when there was no notice of appeal filed by the Government. Any appeal to which the Government would have been entitled needed to be taken at least 30 days after Haynes filed his notice of appeal. See Fed. R. App. P. 4(b)(1)(B)(ii). That means that the latest the statute of limitations on a Rule 41(g) motion would have begun to run would have been March 16, 2009. More than six years have elapsed since that

date. The time for Haynes to file a Rule 41(g) motion expired, at the latest, on March 16, 2015. Haynes motion was filed on August 20, 2015. Haynes's motion is untimely and will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant Kenneth Haynes's motion for return of property, ECF No. 94, is **DENIED**.


Dated: November 20, 2015      s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 20, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager